# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

758
CA 14-01101
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

IN THE MATTER OF THE APPLICATION OF MARIA J.,
PETITIONER, FOR THE APPOINTMENT OF A GUARDIAN
OF THE PERSON AND PROPERTY OF PETER J., PERSON
ALLEGED TO BE INCAPACITATED.
------------------------------------------------
MARIA J., PETITIONER-APPELLANT.                         MEMORANDUM AND ORDER
------------------------------------------------
BERNHARDI & LUKASIK LAW OFFICES, AS COUNSEL TO
PETER J., RESPONDENT-RESPONDENT.
(PROCEEDING NO. 1.)

_____


IN THE MATTER OF THE APPLICATION OF KALEIDA
HEALTH, PETITIONER, FOR AN ORDER OVERRIDING
THE HEALTH CARE DECISIONS OF GUARDIAN AND
SURROGATE PETER J.
------------------------------------------------
KALEIDA HEALTH, PETITIONER-RESPONDENT.
------------------------------------------------
MARIA J., RESPONDENT, AND
BERNHARDI & LUKASIK LAW OFFICES, AS COUNSEL TO
PETER J., RESPONDENT-RESPONDENT.
(PROCEEDING NO. 2.)

MARK E. LEWIS, CHEEKTOWAGA, FOR PETITIONER-APPELLANT.

BERNHARDI & LUKASIK LAW OFFICES, BUFFALO (JOSEPH L. NICASTRO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (AVEN RENNIE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

------------------------------------------------------------------------------------

        Appeal from an order of the Supreme Court, Erie County (John L.
Michalski, A.J.), entered August 23, 2013.  The order, among other
things, adjudged that the appointment of Maria J. as guardian of the
person and property of Peter J. is deemed to have ceased as of August
15, 2013.

        It is hereby ORDERED that said appeal is unanimously dismissed
without costs.

        Memorandum:  In this guardianship proceeding pursuant to article
81 of the Mental Hygiene Law, Maria J. (petitioner) contends that
Supreme Court erred in directing that her appointment as guardian of

her incapacitated son be terminated as of August 15, 2013.  As petitioner acknowledges, however, she consented to that order, as well as to a subsequent order naming her other son as the successor guardian.  The appeal must therefore be dismissed, inasmuch as " '[n]o appeal lies from an order entered by consent upon the stipulation of the appealing party' " (*Matter of Myers v Tracy*, 93 AD3d 1213, 1214; *see Johnson v State of New York*, 256 AD2d 1179, 1179).  Although petitioner contends for the first time on appeal that her consent was not voluntary, the proper procedural vehicle for her to pursue that claim is a motion to vacate the order (*see Matter of Michelle F.*, 280 AD2d 969, 969).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court